UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAURICE D. HARRIS,
   Plaintiff,

   v.

OFFICER #451, et al.,
   Defendants.

No. 3:25-cv-2127 (SRU)

## INITIAL REVIEW ORDER

Harris has filed a civil rights complaint under 42 U.S.C. § 1983.  Compl., Doc. No. 1, at 2.  I must review his complaint under 28 U.S.C. § 1915A(a).  When reviewing a complaint under Section 1915, I must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Harris alleges that a woman assaulted him when he was walking to the New Haven Police Department to turn himself in for a probation violation.  Compl., Doc. 1, ¶¶ 1–2.  Harris called 911 and then went to the hospital seeking treatment for his injuries.  *Id.* ¶ 3.  After receiving stitches on his face, Harris turned himself in to the New Haven Police Department.  *Id.* ¶¶ 4, 9.  Once at the police department, Harris told Officer #451 that he was assaulted earlier and that he wanted to press charges against the assailant.  *Id.* ¶ 4.  Officer #451 told Harris that he could not press charges.  *Id.*  Harris also informed Officer A. Scott that he wanted to press charges against the assailant.  *Id.* ¶ 6.  Officer Scott and two other unidentified officers responded by telling Harris to "get in the cell."  *Id.*  ¶¶ 6–8.  Harris now seeks damages from the officers who told Harris that he could not press charges against the assailant.  *See id.* at 3, 5.

"The Constitution does not create a right to have the police investigate or prosecute a crime." *Miller v. Mann*, 2017 WL 6624007, at *3 (D. Conn. Dec. 28, 2017).  There is also not "any constitutional right to press criminal charges or to a criminal investigation by the relevant government officials." *Id.*  Because New Haven police officers were not constitutionally obligated to investigate the alleged assault or to charge Harris's assailant, Harris has failed to state a claim upon which relief may be granted.

Accordingly, the complaint is **DISMISSED** without prejudice.  *See* 28 U.S.C. § 1915A(b)(1); *see also Johnson v. Ruiz*, 2012 WL 90159, at *5 (D. Conn. Jan. 10, 2012) (dismissing claim alleging that warden "fail[ed] to permit [plaintiff] to press charges" against correctional officer because plaintiff "had no right to an investigation and had no right to have [the correctional officer] prosecuted"); *Bourguignon v. Lantz*, 2006 WL 214009, at *7 (D. Conn. Jan. 25, 2006) (concluding that "any allegations that defendants . . . failed to press charges or would not assist [plaintiff] in pressing charges against the inmates involved in the altercation lack legal merit and fail to state a claim cognizable in a section 1983 action").

The Clerk is instructed to close this case.

**SO ORDERED** at Bridgeport, Connecticut this 19th day of March 2026.

/s/ Stefan R.  Underhill
Stefan R. Underhill
United States District Judge

2